**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:17-cr-77-MOC**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **CHAD RODREGUS WADE,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence/Motion to Reduce Sentence under Amendment 821. (Doc. No. 38). The Government has filed a response in opposition to the motion. (Doc. No. 41).

## I.      Background

Between May of 2015 and February of 2016, Defendant participated in a drug-trafficking organization, cooking and distributing crack cocaine in Gaston County, North Carolina. (Doc. No. 29 ¶¶ 6–10). Twice during 2015, Defendant sold crack cocaine to undercover police officers. (Id. ¶ 7). In February of 2016, this Court's probation office searched Defendant's car and person, finding $100 in cash on Defendant's person and crack and powder cocaine and digital scales in Defendant's car. (Id. ¶ 8). Defendant admitted that he had cooked the crack cocaine and had previously distributed more than 280 grams of crack cocaine. (Id. ¶ 9).

When he committed these offenses, Defendant was on supervised release for federal convictions for possessing with intent to distribute crack cocaine, possessing a firearm in furtherance of a drug-trafficking offense, and possessing a firearm as a convicted felon. (Id. ¶ 37). This Court had sentenced Defendant to 262 months in prison for those offenses. (Id.). Defendant had also been convicted of drug trafficking offenses in North Carolina state court.

1

(Id. ¶¶ 34, 36).

A federal grand jury indicted Defendant and charged him with conspiracy to distribute and possess with intent to distribute at least 280 grams of crack cocaine, 21 U.S.C. § 846; and three substantive drug-trafficking offenses, 21 U.S.C. § 841(a). (Doc. No. 1). The United States filed a notice under 21 U.S.C. § 851 that it would send an enhanced penalty based on Defendant's prior convictions for felony drug offenses. (Doc. No. 11). Defendant entered into a plea agreement with the United States and pleaded guilty to the conspiracy offense. (Doc. No. 24 ¶ 1; Doc. No. 25).

This Court's probation office submitted a presentence report and calculated a total offense level 27. (Doc. No. 29 ¶ 27). The probation office assessed Defendant seven criminal-history points based on his prior convictions. (Id. ¶ 38). The probation office also assessed Defendant two criminal-history points because he committed his offense while under a criminal-justice sentence. (Id. ¶ 39). The Sentencing Guidelines advised a sentence of between 100 and 125 months in prison based on a total offense level of 27 and a criminal-history category of IV. (Id. ¶ 69). Defendant also faced a statutory mandatory-minimum of 10 years in prison for his drug-trafficking offense. (Id. ¶ 70). This Court sentenced Defendant to 120 months in prison. (Doc. No. 31 at 2). This Court also revoked Defendant's supervised release and sentenced him to a consecutive sentence of 24 months in prison for his violations of the conditions of his supervised release.

Defendant now asks this Court to provide "written clarification" to his Bureau of Prisons facility that his current sentence is not related to a conviction under 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a drug-trafficking offense. (Doc. No. 38 at 1). Defendant asserts that he has completed his 24-month sentence related to Case No. 3:08CR128 and that he

2

should be eligible for a year off his sentence under the First Step Act. (Id.). This Court has construed Defendant's letter as a motion for a reduced sentence under 18 U.S.C. § 3582.

## II.    Legal Standards and Discussion

### A. Defendant's Compassionate Release Motion

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust his administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

### B. Defendant's Amendment 821 Motion

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

3

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with his offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the

4

court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

Defendant is not eligible for a reduction in his sentence under Amendment 821. The probation office assessed him two criminal-history points because he committed his offense while under a criminal-justice sentence. And under Amendment 821, he would receive only one of those criminal-history points because he had more than six criminal-history points related to his prior convictions. Without that criminal-history point, however, Defendant's criminal-history-point total is reduced from 9 points to 8 points. With 8 criminal-history points, Defendant's criminal-history category remains a category IV. See U.S.S.G. ch. 5, part A. Additionally, Defendant was sentenced to 120 months in prison based on the applicable mandatory-minimum sentence. That mandatory minimum would apply, even if his guideline range were reduced. Because application of Amendment 821 would not reduce Defendant's guideline range, he has not shown that he is eligible for a sentence reduction.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 38), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his administrative remedies with the BOP. To the extent Defendant seeks a reduction in sentence under Amendment 821, his motion is denied.

5



Max O. Cogburn Jr
United States District Judge

6