UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-77-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **SUPPLEMENTAL ORDER** |
| CHAD RODREGUS WADE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence/Motion to Reduce Sentence under Amendment 821. (Doc. No. 38). The Court issues this Order as a Supplement to its Order issued on May 14, 2024. See (Doc. No. 43). Also pending before the Court is Defendant's pro se Motion to Amend/Correct Amended Judgment. (Doc. No. 42).

I. **Procedural Background**

Defendant filed his compassionate release motion on February 29, 2024. (Doc. No. 38). The Government filed a response in opposition to the motion, arguing that Defendant did not exhaust his administrative remedies before bringing his compassionate release motion and that Defendant is not entitled to relief under Amendment 821. (Doc. No. 41). On May 14, 2024, this Court entered an Order dismissing Defendant's compassionate release motion for failure to exhaust his administrative remedies. (Doc. No. 43). The Court also held in its order that Defendant is not entitled to relief under Amendment 821. (Id.).

On April 30, 2024, Defendant filed a Motion to Amend/Correct Amended Judgment, in which he argues that he is entitled to a sentence reduction under the First Step Act. (Doc. No. 42). On June 6, 2024, Defendant submitted a pro se letter to this Court, in which he asserts that

1

he has exhausted his administrative remedies as to his compassionate release motion. The Court is satisfied with Defendant's assertions regarding exhaustion. The Court therefore issues this Supplemental Order on the merits of Defendant's motion for compassionate release. For the reasons stated herein, the Court finds that Defendant is not entitled to compassionate release. Furthermore, the Court will deny Defendant's Motion to Amend/Correct Amended Judgment.

II. **Defendant's Criminal Conviction**

Between May of 2015 and February of 2016, Defendant participated in a drug-trafficking organization, cooking and distributing crack cocaine in Gaston County, North Carolina. (Doc. No. 29 ¶¶ 6–10). Twice during 2015, Defendant sold crack cocaine to undercover police officers. (Id. ¶ 7). In February of 2016, this Court's probation office searched Defendant's car and person, finding $100 in cash on Defendant's person and crack and powder cocaine and digital scales in Defendant's car. (Id. ¶ 8). Defendant admitted that he had cooked the crack cocaine and had previously distributed more than 280 grams of crack cocaine. (Id. ¶ 9).

When he committed these offenses, Defendant was on supervised release for federal convictions for possessing with intent to distribute crack cocaine, possessing a firearm in furtherance of a drug-trafficking offense, and possessing a firearm as a convicted felon. (Id. ¶ 37). This Court had sentenced Defendant to 262 months in prison for those offenses. (Id.). Defendant had also been convicted of drug trafficking offenses in North Carolina state court. (Id. ¶¶ 34, 36).

A federal grand jury indicted Defendant and charged him with conspiracy to distribute and possess with intent to distribute at least 280 grams of crack cocaine, 21 U.S.C. § 846; and three substantive drug-trafficking offenses, 21 U.S.C. § 841(a). (Doc. No. 1). The United States filed a notice under 21 U.S.C. § 851 that it would send an enhanced penalty based on

Defendant's prior convictions for felony drug offenses. (Doc. No. 11). Defendant entered into a plea agreement with the United States and pleaded guilty to the conspiracy offense. (Doc. No. 24 ¶ 1; Doc. No. 25).

This Court's probation office submitted a presentence report and calculated a total offense level 27. (Doc. No. 29 ¶ 27). The probation office assessed Defendant seven criminal-history points based on his prior convictions. (Id. ¶ 38). The probation office also assessed Defendant two criminal-history points because he committed his offense while under a criminal-justice sentence. (Id. ¶ 39). The Sentencing Guidelines advised a sentence of between 100 and 125 months in prison based on a total offense level of 27 and a criminal-history category of IV. (Id. ¶ 69). Defendant also faced a statutory mandatory-minimum of 10 years in prison for his drug-trafficking offense. (Id. ¶ 70). This Court sentenced Defendant to 120 months in prison. (Doc. No. 31 at 2). This Court also revoked Defendant's supervised release and sentenced him to a consecutive sentence of 24 months in prison for his violations of the conditions of his supervised release.

### III.     Legal Standards and Discussion

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." Section 3582(c)(1)(A) to Title 18 of the United States Code authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement applicable to compassionate-release

3

motions is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Curry's motion for compassionate release. Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if this Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13 (a). Section 1B1.13(b) describes five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (5) an unusually long sentence.

Medical circumstances that a court may find to support a finding of extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that "substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing

4

outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. Id.

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in physical or mental health, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Id. § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. § 1B1.13(b)(3). A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above.

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served at least 10 years of that sentence and a new legal development, other than a retroactive amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and compelling circumstance must consider fully "the defendant's individualized circumstances." Id.

Here, assuming Defendant exhausted his administrative remedies as he contends, he has not identified any extraordinary and compelling reason to grant him compassionate release.

5

Defendant suggests only that he should receive credit for time earned under the First Step Act, but judicial review of a claim for credit against a sentence "must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." <u>United States v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989). And a claim that may be pursued through another remedy may not support compassionate release. As the Fourth Circuit explained in <u>United States v. Ferguson</u>, "[b]ecause [18 U.S.C.] § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as a motion for compassionate release, to sidestep § 2255's requirements." 55 F.4th 262, 270 (4th Cir. 2022). Thus, Defendant's motion is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 38), is **DENIED**. Furthermore, his Pro Se Motion to Amend/Correct Amended Judgment (Doc. No. 42) will be denied, as Defendant has not identified any error in the Amended Judgment.

Signed: July 18, 2024

Max O. Cogburn Jr.
United States District Judge